UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EXXONMOBIL OIL CORPORATION AND EXXON MOBIL CORPORATION,** *Plaintiffs,* <br> v. <br> **MARS OIL PIPELINE COMPANY LLC; CHEVRON U.S.A., INC.; TOTALENERGIES E&P USA, INC.; LOOP LLC; AMBERJACK PIPELINE COMPANY; SHELL PIPELINE COMPANY LP; LOCAP LLC; TRANSOCEAN LTD.; SLB ONESUBSEA; AND JOHN WOOD GROUP PLC,** *Defendants.* | **CIVIL ACTION NO. 2:25-cv-02001** <br><br> **JUDGE: NANNETTE JOLIVETTE BROWN** <br><br> **MAGISTRATE JUDGE: DONNA PHILLIPS CURRAULT** |

### SPLC, MARS, AND AMBERJACK'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

**MAY IT PLEASE THE COURT:**

Defendants, Shell Pipeline Company, LP ("SPLC"), Mars Oil Pipeline Company LLC ("Mars"), and Amberjack Pipeline Company ("Amberjack"), through undersigned counsel, respectfully submit this Memorandum in Opposition to Plaintiffs', ExxonMobil Oil Corporation ("EMOC") and Exxon Mobil Corporation ("EMC") (sometimes collectively referred to hereinafter as "Plaintiffs"), Motion for Leave to File First Amended Complaint.[1]

Plaintiffs request leave to file the First Amended Complaint in order to add additional defendants and to "make amendments to certain allegations supporting their previously asserted claims."[2] The amended allegations against SPLC, Mars and Amberjack contain mere conclusions that SPLC, Mars, and Amberjack breached duties that they allegedly owed to Plaintiffs. The

---

[1] R. Doc. 54.
[2] *Id.* at 1.

amended allegations neither affect nor change the arguments made by SPLC, Mars, and Amberjack in their pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] Therefore, SPLC, Mars, and Amberjack respectfully request that Plaintiffs' Motion for Leave to File First Amended Complaint be denied.

I.   **INTRODUCTION**

   a.   **Procedural History**

On September 25, 2025, Plaintiffs filed a complaint against SPLC, Mars, Amberjack, Chevron U.S.A., Inc. ("Chevron U.S.A."), TotalEnergies E&P USA, Inc. ("TotalEnergies"), LOOP, LLC, LOCAP, LLC, Transocean, Ltd. ("Transocean"), SLB OneSubsea ("Subsea"), and John Wood Group plc ("Wood") (the "Original Complaint").[4] Plaintiffs alleged that they purchased contaminated crude oil from Chevron U.S.A., that was produced offshore. This allegedly contaminated crude oil was then carried by pipelines, some owned by SPLC, Mars, and Amberjack, to EMC's refinery. Plaintiffs allege that they suffered economic losses, lost profits and lost productivity due to the contaminated crude oil.

Plaintiffs voluntarily dismissed defendants Transocean and Wood on December 22, 2025, and January 6, 2026, respectively.[5]

On December 23, 2025, LOOP, LLC, filed its Answer and Affirmative Defenses to the Original Complaint.[6] That same day, Chevron, U.S.A., TotalEnergies, LOCAP, and SPLC, Mars, and Amberjack all filed timely Motions to Dismiss Plaintiffs' Claims.[7]

---

[3] R. Doc. 39.
[4] R. Doc. 1.
[5] R. Docs. 36 and 50.
[6] R. Doc. 38.
[7] R. Docs. 40, 42, 43, and 39.

This Court granted Plaintiffs' motion for an extension to file oppositions to all of the Motions to Dismiss.[8] Two days after Plaintiffs requested the extension to oppose the motions, Plaintiffs filed this Motion for Leave to file First Amended Complaint (the "Motion for Leave").[9] As of today, the Motions to Dismiss are still pending and set for consideration on February 18, 2026.[10] Plaintiffs have yet to oppose the Motions to Dismiss.

### b. Plaintiffs Allegations Against SPLC, Mars and Amberjack in the Original Complaint

In the Original Complaint, Plaintiffs alleged that SPLC, Mars, and Amberjack were negligent because they breached their alleged duty of care owed to EMOC and EMC for carrying the alleged contaminated crude oil through their pipelines. Plaintiffs argued that SPLC, Mars, and Amberjack had the right to reject contaminated oil and that because they did not, SPLC, Mars, and Amberjack breached their duty owed to Plaintiffs.

Plaintiffs also sponsored the idea, like they attempt to do in the Amended Complaint, that SPLC, Mars, and Amberjack owed a duty to "exercise reasonable care and exercise their right to reject these low pH and contaminated shipments of crude oil, as these shipments did not meet the required specifications of the applicable tariffs."[11] Plaintiffs then alleged that SPLC, purely as an operator of the pipeline, had a duty to "ensure that reasonable care was exercised and that the low pH and contaminated shipments of crude oil were rejected by the Mars Pipeline and the LOOP Pipeline[,]"[12] and that these alleged duties were breached when SPLC, Mars, and Amberjack failed to reject the crude oil.[13]

---

[8] R. Doc. 53.
[9] R. Doc. 54.
[10] R. Doc. 55.
[11] R. Doc. 1 at ¶ 122.
[12] R. Doc. 1 at ¶ 123.
[13] R. Doc. 1 at ¶ 124.

### c. SPLC, Mars and Amberjack's Motion to Dismiss

In their Motion to Dismiss, SPLC, Mars, and Amberjack argued that Plaintiffs failed to state a claim upon which relief may be granted because SPLC, Mars, and Amberjack did not owe any duty to inspect and/or analyze the petroleum product purchased by Plaintiffs or to stop the transportation of the product, therefore they were not negligent. Plaintiffs did not provide any support for their claims and neither the named tariffs nor any contract contained language that imposed a duty on SPLC, Mars, and Amberjack to police what was sold and transported from the well to the refineries.

SPLC, Mars, and Amberjack further argued that Plaintiffs failed to plead any authority or basis whatsoever to support the proposition that SPLC, Mars, and Amberjack were responsible for the quality of the petroleum when the pipelines simply carried the crude oil to the refinery. SPLC, Mars, and Amberjack argued in the Motion to Dismiss that Plaintiffs failed to state a claim for which relief may be granted because no duty existed for SPLC, Mars, and Amberjack, to refuse crude oil that Plaintiffs consider to be contaminated.

### d. Plaintiffs Amended Allegations Against SPLC, Mars and Amberjack

In the Motion for Leave, Plaintiffs assert that they intend to amend the Original Complaint to add more defendants "and to make amendments to certain allegations supporting their previously asserted claims."[14] Plaintiffs fail to mention, throughout the entire Motion for Leave, that four Motions to Dismiss are pending in this matter that argue that Plaintiffs have failed to state a claim for which relief may be granted.

Plaintiffs' amendments to allegations supporting previously asserted claims against SPLC, Mars, and Amberjack are as follows:

---

[14] R. Doc. 55 at 1.

> Additionally and/or alternatively, Mars, LOOP LLC, Amberjack, LOCAP LLC, and SPC all had the general duty to conform their standard of conduct in their operations to the standard of conduct of a reasonable person. Mars, LOOP LLC, Amberjack, LOCAP LLC, and SPC breached this general duty by operating in an unreasonable manner and thereby permitting (i) the low pH and contaminated shipments of crude oil to become mixed with EMOC's otherwise in-specification and non-contaminated crude oil, causing physical and economic damage, and (ii) the low pH and contaminated shipments of crude oil to reach EMC's Baton Rouge Refinery, where it caused both physical and economic damage.[15]

Plaintiffs' amendments to the allegations against SPLC, Mars, and Amberjack are futile because they fail to state a claim for which relief may be granted. The amendments fail to plead any authority or basis whatsoever to support the proposition that SPLC, Mars, and Amberjack owed a duty to Plaintiffs. Therefore, Plaintiffs' Motion for Leave should be denied as futile.

In the alternative, if this Court finds that the amendment is not futile, these claims may be raised by Plaintiffs in their opposition to SPLC, Mars, and Amberjack's Motion to Dismiss and allowing Plaintiffs to amend the Original Complaint, instead of raising these issues in their opposition, would be prejudicial and create undue burden and delay.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings and only allows a party to amend a pleading no later than "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."[16] Leave to amend "shall be freely given when justice so requires."[17] However, Courts consider five factors when weighing whether or not to grant a motion for leave to amend a complaint, including 1) undue

---

[15] R. Doc. 54-1 at ¶ 135.
[16] Fed. R. Civ. P. 15(a)(1)(B).
[17] *Id.*

5

delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment.[18]

First, Plaintiffs missed their deadline to amend their Original Complaint as provided under Federal Rule of Civil Procedure 15(a)(1)(b). Plaintiffs' deadline to amend the Original Complaint was January 13, 2026. However, Plaintiffs missed this deadline and filed the Motion for Leave on January 16, 2026. Throughout their Motion for Leave, Plaintiffs do not acknowledge that they failed to timely move for leave, nor do they provide good cause as to why they missed the deadline.

Furthermore, it is within the district court's discretion to deny a motion to amend if it is futile.[19] While the Fifth Circuit has not defined "futility" under the Federal Rules of Civil Procedure, in this context, it has been interpreted to mean that "the amended complaint would fail to state a claim upon which relief could be granted."[20] If an amended complaint is deemed futile by the court, leave of court will be denied.[21] Stated differently, when "a complaint as amended is subject to dismissal, leave to amend need not be given."[22] To determine futility, the Fifth Circuit applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)."[23] "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."[24]

---

[18] *See Schiller v. Physicians Res. Grp. Inc.,* 342 F.3d 563, 566 (5th Cir. 2003).
[19] *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 11/29/200) (citing *Martin's Herend Imports, Inc.,* 195 F.3d at 771; *see also Lefall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 524 (5th Cir. 1994)).
[20] *Id.* at 873. (citing *Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir.2000); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1085 (7th Cir.1997); *Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir.1996); *Rudolph v. Arthur Andersen & Co.,* 800 F.2d 1040, 1041–42 (11th Cir.1986).
[21] *SMH Enterprises, L.L.C. v. Krispy Krunch Foods, L.L.C.*, 340 F.R.D. 554, 563 (E.D.La. 2022).
[22] *Id*.
[23] *Shane,* 213 F.3d at 115; *Gen. Elec. Capital Corp.,* 128 F.3d at 1085; *Glassman,* 90 F.3d at 623.
[24] *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir.2000) (internal quotations omitted) (quoting *Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir.1997)); *Beanal v. Freeport–McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir.1999).

### a. Plaintiffs' proposed amendments to the allegations against SPLC, Mars, and Amberjack are futile.

Plaintiffs' proposed amendment is futile as it fails to state a claim upon which relief may be granted. The sole theory of fault alleged against SPLC, Mars, and Amberjack lies in negligence. Plaintiffs now claim that SPLC, Mars, and Amberjack had a "general duty to conform their standard of conduct in their operations to the standard of conduct of a reasonable person." However, Plaintiffs once again fail to plead any law, contract, or tariff which states that SPLC, Mars, and Amberjack had a such a duty or which outlines the "standard of conduct" that was breached. Plaintiffs, once again, fail to articulate how a duty exists on the part of the pipelines to determine and take responsibility for the quality of the petroleum they carry.

Plaintiffs have also failed to provide more than mere conclusions that SPLC, Mars, and Amberjack "breached" an alleged duty. Plaintiffs have failed to plead any authority or basis whatsoever to support the proposition that a duty existed on behalf of SPLC, Mars, and Amberjack to inspect and/or analyze the petroleum purchased by Plaintiffs or that a duty existed to reject "the low pH and contaminated shipments of crude oil" that allegedly caused Plaintiffs' damages.

Plaintiffs have failed to plead any law, regulation, contract, or general principal which stands for their allegations that SPLC, Mars, and Amberjack breached any duty allegedly owed to Plaintiffs. Therefore, Plaintiffs' Motion for Leave to Amend should be denied as futile because it fails to state a claim upon which relief may be granted.

### b. Alternatively, Plaintiffs may Raise the Issues in their Opposition to SPLC, Mars, and Amberjack's Pending Motion to Dismiss.

In the alternative, if this Court finds that Plaintiffs' allegations are not futile, Plaintiffs still have the opportunity to supplement their arguments in the Original Complaint in their opposition

to SPLC, Mars, and Amberjack's pending Motion to Dismiss. Allowing Plaintiffs to amend the Original Complaint instead of raising these issues in their opposition, would be prejudicial and create undue burden and delay. Therefore, these arguments should be addressed by Plaintiffs their opposition and not in the Motion for Leave.

If Plaintiffs are granted leave to amend their Original Complaint, and given the opportunity to levy amended allegations against SPLC, Mars, and Amberjack, it would be prejudicial against SPLC, Mars, and Amberjack and create undue burden and delay. Plaintiffs have already extended the hearing on the Motions to Dismiss from January 21, 2026, to February 18, 2026. Allowing Plaintiffs to amend their Original Complaint will render the Motions to Dismiss as moot and require all defendants to refile the motions and set them for another hearing, which will likely be extended by Plaintiffs once again.

SPLC, Mars, and Amberjack filed the Motion to Dismiss to resolve these issues quickly and efficiently. However, if Plaintiffs' motion for leave is granted, SPLC, Mars, and Amberjack will continue to expend resources in this matter, be forced to file additional motions and pleadings, and will face undue delay to a speedy conclusion of this matter.

### III. CONCLUSION

For the reasons outlined above, defendants, Shell Pipeline Company, LP, Mars Oil Pipeline Company, LLC and Amberjack Pipeline Company, respectfully oppose Plaintiffs' Motion for Leave to file First Amended Complaint. Alternatively, if the Motion for Leave is granted, Defendants reserve all rights to file an amended Motion to Dismiss the new claims levied against them, as well as additional responsive pleadings.

Respectfully submitted:

**PHELPS DUNBAR LLP**

By:  */s/ Ashley B. Palermo*
Miles P. Clements, T.A. (#4184)
Joseph E. Lee III (#26968)
Ashley B. Palermo (#40708)
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone:   (504) 566-1311
Facsimile:    (504) 568-9130
E-Mail:        miles.clements@phelps.com
                   josh.lee@phelps.com
                   ashley.palermo@phelps.com

**ATTORNEYS FOR SHELL PIPELINE COMPANY, LP, MARS OIL PIPELINE COMPANY LLC, AND AMBERJACK PIPELINE COMPANY**

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this 27th day of January 2026, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by facsimile and/or mailing same or by United States mail, properly addressed and first class postage paid.

            */s/ Ashley B. Palermo*
            Ashley B. Palermo

9