UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EXXONMOBIL OIL CORPORATION, ET AL. | * | CIVIL ACTION |
| | * | NO. 25-2001 |
| VERSUS | | |
| | * | SECTION "G" (2) |
| MARS OIL PIPELINE COMPANY, LLC, ET AL. | * | |

**ORDER AND REASONS**

Pending before me is a Motion for Leave to File First Amended Complaint by Plaintiffs ExxonMobil Oil Corporation and Exxon Mobil Corporation. ECF No. 54. Defendants Shell Pipeline Company, LP, Mars Oil Pipeline Company LLC, Amberjack Pipeline Company, and LOCAP LLC timely filed Opposition Memoranda. ECF Nos. 56, 57. Plaintiffs filed a Reply Memorandum. ECF No. 63. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiffs' Motion for Leave to File First Amended Complaint is GRANTED for the reasons stated herein.

**I.   BACKGROUND**

After receipt of allegedly contaminated crude oil, Plaintiffs ExxonMobil Oil Corporation and Exxon Mobil Corporation (together, "ExxonMobil") filed suit asserting claims for redhibition, sale of unreasonably dangerous products in violation of the Louisiana Products Liability Act, negligence, and breach of contract against several defendants involved in the design and operation of the pipeline system that transported the crude oil. ECF No. 1. Defendants Shell Pipeline Company, LP ("SPLC"), Mars Oil Pipeline Company LLC ("Mars"), Amberjack Pipeline Company ("Amberjack"), Chevron U.S.A. Inc. ("Chevron"), TotalEnergies E&P USA, Inc.

1

("TEEP") and LOCAP LLC ("LOCAP") responded to the complaint with Rule 12(b)(6) motions to dismiss, filed on Tuesday, December 23, 2025. ECF Nos. 39, 40, 42, 43.

After filing suit, Plaintiffs learned that Halliburton Company and/or Halliburton Energy Services, Inc. (not Transocean Ltd.) performed the relevant well completion services and Wood Group USA, Inc. (not John Wood Group plc) was the proper entity to be named. ECF No. 54-2 ¶ 2. Plaintiffs then voluntarily dismissed without prejudice both Transocean, Ltd. and John Wood Group plc. ECF Nos. 36, 50. Invoking Rule 15(a)(2), Plaintiffs filed this Motion for Leave to File First Amended Complaint on Friday, January 16, 2026. ECF No. 54. Plaintiffs seek to add Halliburton Company, Halliburton Energy Services, Inc., and Wood Group USA, Inc. as defendants. ECF No. 54-2 ¶ 4. Although Plaintiffs do not assert any new claims against any existing party, they do amend certain allegations relating to previously asserted claims. *Id.* Defendants TEEP, SLB OneSubsea, Chevron, and LOOP LLC had no objection to the requested amendment, but SPLC, Mars, Amberjack, and LOCAP objected. ECF No. 56, 57.

In their Opposition, SPLC, Mars, and Amberjack argue that Plaintiffs failed to mention the pending motions to dismiss, and the new allegations are conclusory and thus futile, essentially re-urging the issues currently pending before Judge Brown in their Rule 12 motion. ECF No. 57 at 4-5, 7. They also argue that Plaintiff missed their deadline to amend pleadings and that Plaintiffs may raise the issues sought herein in their Reply to the pending motion to dismiss. *Id.* at 6, 8. They assert that allowing amendment would render their pending motion to dismiss moot and prejudice them by requiring the filing of a new motion. *Id.* at 8. LOCAP raises substantially similar arguments, relying primarily on futility and the assertion that Plaintiffs can raise the issues in their Reply Memorandum. ECF No. 56 at 3-6.

2

In Reply, Plaintiffs argue that the proposed amendment adding additional defendants is certainly not futile and the proposed amendments clarifying the allegations are not futile for the reasons set forth in their Oppositions to the Motions to Dismiss. ECF No. 63 at 1-4. Plaintiffs further dispute the assertion that their motion was untimely as no deadline has been established. *Id.* at 4-6. They then reiterate that there is not substantial reason to deny amendment under Rule 15. *Id.* at 5-7.

## II.   APPLICABLE LAW

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course" within 21 days of service or 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). FED. R. CIV. P. 15(a)(1)(A)-(B). In all other cases, a party may amend its pleading with the opposing party's written consent or leave of court, which leave should be freely granted when justice so requires. FED. R. CIV. P. 15(a)(2).

### A. Plaintiffs' Motion is Not Untimely

Contrary to Defendants' argument, Plaintiffs have not missed the deadline for seeking to amend. Although Plaintiffs filed this motion 3 days after expiration of the 21-day period within which Plaintiffs were entitled to amend *as of right* under Rule 15(a)(1)(A), the court has not yet issued a Scheduling Order. Therefore, the court has not yet established a deadline for the filing of amended pleadings, which is typically thirty days after issuance of the Scheduling Order.

While Plaintiffs' 3-day delinquency precludes them from filing an Amended Complaint as of right (i.e., without court order or consent), the failure to seek leave within 21 days of the motion to dismiss does not render Plaintiffs' motion untimely. And, as the court has not yet established a deadline for amending pleadings, Plaintiffs' request for leave to amend is governed by Rule

15(a)(2) rather than the more stringent good cause requirements of Rule 16(b) that would apply had Plaintiffs sought to amend after expiration of the amendment deadline.[1]

### B. Reply Memoranda Cannot Raise New Issues

Defendants assert that leave to amend should not be granted because Plaintiffs may assert these new facts in their Reply to the pending motions to dismiss. ECF No. 56 at 6; No. 57 at 4-5, 7. The scope of a reply memorandum, however, is limited to addressing issues raised in the opposition.[2] Accordingly, a reply memorandum is not an appropriate avenue to raise new allegations or amend a complaint.

### C. Standard for Amendments

Rule 15(a)(2) expressly states that the "court should freely give leave [to amend] when justice so requires."[3] The relevant inquiry thus requires the court to balance the difficult task of assuring a party a fair opportunity to present its claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories seriatim.[4]

---

[1] *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535–36 (5th Cir. 2003) (holding that Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after a scheduling order deadline has expired and only upon a showing of good cause will the more liberal standard of Rule 15(a) apply to the court's decision to grant or deny leave).

[2] *Magnolia Island Plantation, L.L.C. v. Whittington*, 29 F.4th 246, 251-52 (5th Cir. 2022) ("As a general matter, a district court is not required to address new legal issues raised only in a reply brief." (citations omitted)); *Little Tchefuncte River Ass'n v. Artesian Util. Co.*, 155 F. Supp. 3d 637, 657 (E.D. La. 2015) (Brown, J.) ("[A]rguments cannot be raised for the first time in a reply brief." (quoting *Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008))); *J.I. ex rel. Interiano v. Jefferson Par. Sch. Bd.*, No. 23-1532, 2023 WL 8563034, at *6 n.5 (E.D. La. Dec. 11, 2023) (Guidry, J.) (quoting *Iteld, Bernstein & Assocs., LLC v. Hanover Ins. Grp.*, No. 06-3418, 2009 WL 2496552, at *4 (E.D. La. Aug. 12, 2009) (Vance, J.) (citing *United States v. Jackson,* 426 F.3d 301, 304 n.2 (5th. Cir. 2005); and citing *Weems v. Hodnett*, No. 10-1452, 2011 WL 2731263, at *1 (W.D. La. July 13, 2011) ("[I]t is improper for the movant to sandbag and raise wholly new issues in a reply memorandum. The scope of the reply should be limited to addressing the arguments raised by the memorandum in opposition.")))

[3] Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1173–74 (5th Cir. 2006) (citation omitted). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co*., 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A "district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility." *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).

[4] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. Jan. 1981) (citation omitted).

4

Although leave to amend is not automatic,[5] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[6]

The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[7] Denial of leave to amend is reviewed for abuse of discretion,[8] but absent a "substantial reason," the court's discretion "is not broad enough to permit denial" of a request for leave to amend.[9]

### A.     **Undue Delay**

Rule 15(a)(2) does not itself impose a time limit on seeking leave to amend.[10] However, a litigant's failure to assert a claim as soon as he could have done so is properly a factor to be considered in deciding whether to grant leave to amend.[11] At some point, a plaintiff's delay can be procedurally fatal.[12] But "delay alone is an insufficient basis for denial of leave to amend: The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens

---

[5] *Avatar Expl., Inc. v. Chevron U.S.A., Inc.,* 933 F.2d 314, 320 (5th Cir. 1991) (citation omitted).
[6] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord. Mayeaux* 376 F.3d at 425 (quoting *Stripling* 234 F.3d at 872; and citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).
[7] *Gregory*, 634 F.2d at 203 (quoting *Foman*, 371 U.S. at 182); *see also Spicer*, 751 F.3d at 367 (citation omitted); *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014))).
[8] *Carroll* 470 F.3d at 1173–74 (citation omitted).
[9] *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).
[10] *See Smith*, 393 F.3d at 595 (citation omitted) (stating that Rule 15(a) does not impose a time limit "for permissive amendment"); *see also Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) ("Lacking a time limit or an outer bound on when amendment is permissible, [Rule 15(a)(2)] instructs courts to freely give leave to amend when justice so requires." (internal quotations and citation omitted)).
[11] *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (finding late assertion of claim acceptable when all other factors pointed in favor of movant, no pretrial order or pretrial conference had been held, and no evidence of bad faith).
[12] *Smith*, 393 F.3d at 595 (citing *Whitaker v. City of Hou.*, 963 F.2d 831, 836 (5th Cir. 1992)). In that situation, plaintiff must meet the burden of showing that the delay was "due to oversight, inadvertence, or excusable neglect." *Id.* (citation omitted); *see also Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (per curiam) (citations omitted).

on the court."[13]

Plaintiffs did not unduly delay filing this motion. Although filed three days after expiration of the 21-day period within which they were entitled to amend of right, that three-day delay certainly cannot be characterized as undue delay. Moreover, Defendants identify no prejudice.

### B. Bad Faith

The Fifth Circuit has defined bad faith generally as

> implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. The term bad faith means more than mere bad judgment or negligence, it implies the conscious doing of a wrong for dishonest or morally questionable motives.[14]

Defendants do not suggest bad faith.

### C. Repeated Failures to Cure

The Fifth Circuit has affirmed denial of leave to amend where a party has been given multiple opportunities to cure a defect.[15] Plaintiffs have not been directed to respond to pleading deficiencies and failed to do so previously.

### D. Undue Prejudice

The Fifth Circuit and other courts have found prejudice when the amendment is asserted

---

[13] *Mayeaux,* 376 F.3d at 427 (citations omitted).
[14] *Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc.*, 293 F.3d 912, 922 (5th Cir. 2002) (citation omitted) (interpreting Louisiana law).
[15] *See, e.g.*, *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607–08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint); *see also Neutron Depot, L.L.C. v. Bankrate, Inc.*, 798 F. App'x 803, 808 (5th Cir. 2020) (finding district court's denial of leave to amend proper where litigation was pending for five years, plaintiff's deficiency was first identified over three years ago, and the court allowed three prior amended complaints); *St. Germain v. Howard*, 556 F.3d 261, 264 (5th Cir. 2009) (affirming denial of a motion for leave to amend where "[a]ppellants had several opportunities to state their best case"); *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (concluding that justice did not require allowing plaintiff an additional opportunity to amend); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566–67 (5th Cir. 2002) (affirming refusal to permit further amendment after plaintiff had amended twice).

6

after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial.[16] A defendant is prejudiced if an amendment would require that the defendant "reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court."[17] Likewise, amendments that fundamentally alter the nature of the case are considered prejudicial.[18]

As no Scheduling Order has yet been issued, no discovery deadline would need to be re-opened. Likewise, the proposed amendment does not fundamentally alter the nature of the case. And while Defendants have filed motions to dismiss, those motions have not been fully briefed or decided. Indeed, the motions are not scheduled for submission until February 18, 2026, making Opposition Memoranda due February 10, 2026, and Reply Memoranda due February 16, 2026. *See* ECF No. 55.

To the extent Defendants suggest that the granting of leave would automatically moot their pending motions to dismiss and they are prejudiced by having to file new motions to dismiss in response to an amended pleading, that is not the type of prejudice at issue. The mere inconvenience

---

[16] *See Smith*, 393 F.3d at 594–96 (affirming denial of leave to amend based on undue delay and prejudice where amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline"); *see also Ruby Slipper Cafe, LLC v. Belou*, No. 18-01548, 2018 WL 11179117, at *2 (E.D. La. July 3, 2018) (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice).

[17] *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). *Cf. Mayeaux*, 376 F.3d at 427 (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant;" and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and was nearing the close of extensive discovery); *see also C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314 (5th Cir. 2016) (denying leave to amend based on, among other things, prejudice because of pressing discovery and trial deadlines).

[18] *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 & n.12 (5th Cir. 2012) (finding leave properly denied where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture . . . requir[ing] expansive [additional] discovery and litigation"); *Mayeaux,* 376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[ed] the case anew").

7

of being required to file a second motion to dismiss is not the type of "undue prejudice" necessary to foreclose amendment under Rule 15 as Rule 15(a)(1)(A) expressly grants a plaintiff the right to file an amended within 21 days of a motion to dismiss. FED. R. CIV. P. 15(a)(1)(A). And while unfortunate, additional costs incurred in filing a second motion to dismiss do not constitute undue prejudice.[19] Moreover, given the limited nature of the proposed Amended Complaint (i.e., adding different defendants and additional assertions with regard to the pending claims against existing parties), it is difficult to see how Defendants would be required to expend significant time and money as necessary to implicate undue prejudice by renewing the previously filed motions.

Finally, any alleged prejudice from the additional costs in filing another motion to dismiss in response to the amended complaint is speculative. When an amended complaint does nothing more than make insubstantial changes to some claims and does not alter the bases for dismissal, a defendant may ask the judge to address the pending motion to dismiss filed in response to the original complaint as applicable to the amended complaint.[20] As Judge Africk has explained:

> Once an amended pleading is interposed, the original pleading no longer performs any function in the case. . . . This effect of an amended pleading under Rule 15(a) becomes particularly important when the amendment purports to cure a defective earlier pleading. . . . [However,] defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance.[21]

---

[19] *See Louisiana v. Bank of Am. Corp.*, No. 19-638, 2020 WL 3966875, at *3 (M.D. La. July 13, 2020) (rejecting argument that costs and expense of filing "yet another motion to dismiss" constituted undue prejudice); *Molina v. Caliber Home Loans, Inc*., No. 15-757, 2016 WL 3660621, at *5 (N.D. Tex. Mar. 15, 2016) ("As to being unduly prejudiced because of time and money already expended in filing two motions to dismiss, while the Court . . . supports litigation economy, it also recognizes that justice may require some repetition of effort and notes the probability that much of the work already done likely can be resubmitted with minimal additional expense and effort.").
[20] *See, e.g.*, *Berenson v. Adm'rs of Tulane Univ. Educ. Fund*, No. 17-329, 2017 WL 2955728, at *3 (E.D. La. July 11, 2017) (Vance, J.) (deciding motion to dismiss filed in response to earlier complaint in relation to later-filed amended complaint (citation omitted)).
[21] *Nguyen v. Hung Do*, No. 13-2537, 2013 WL 6665722, at *1–2 (E.D. La. Dec. 16, 2013) (quoting 6 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1476 (3d. ed. 2013); and citing *Ohio River Valley Env't.. Coal., Inc. v. Timmermeyer*, 66 F. App'x 468, 472 n.4 (4th Cir. 2003); *Melson v. Vista World Inc. & Assocs.*, No. 12–135, 2012 WL 6002680, at *12 & nn. 3–4 (E.D. La. Nov. 30, 2012) (Milazzo, J.) (collecting cases); *In re Vioxx Prods. Liab.*

Further, any alleged prejudice from costs of additional briefing may be mitigated with a supplemental motion addressing any newly added portion of the Amended Complaint.[22]

### E. Futility

Consideration of the futility factor requires the court to assess whether the amended complaint would survive a Rule 12(b)(6) motion (i.e., whether it states a plausible claim for relief).[23] The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[24] It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[25] If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[26]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief."[27]

---

*Litig.*, No. 08–1633, 2008 WL 4681368, at *10 n.11 (E.D. La. Oct. 21, 2008) (Fallon, J.) ("[T]he Court will not require the Defendant to file an additional motion simply as a matter of procedure.")), *aff'd sub nom. Thanh Van Nguyen v. Hung Do*, 579 F. App'x 284 (5th Cir. 2014).
[22] *See City of Baton Rouge/E. Baton Rouge Par. v. Bank of Am., N.A.*, No. 19-725, 2020 WL 13033205, at *2 (M.D. La. Apr. 20, 2020).
[23] *Marucci Sports*, 751 F.3d at 378 (quoting *Stripling,* 234 F.3d at 873).
[24] *Twombly*, 550 U.S. at 555, 570.
[25] *Id.* at 557 (brackets in original) (citation omitted); *Iqbal,* 556 U.S. at 678 (citation omitted).
[26] *Iqbal,* 556 U.S. at 678 (citation omitted).
[27] *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[28]

In order to address the futility objection, this Court would have to address the very issues raised in the motions to dismiss pending before Judge Brown. This Court lacks authority to address substantive issues that have not been referred, however, and those issues are best addressed in the context of resolving the pending substantive motion to dismiss and/or any subsequently filed motions addressing substantive issues.[29] Indeed, courts often defer addressing the futility issue in relation to a Rule 15 motion to allow resolution of the issue in the context of pending Rule 12 motions.[30]

Allowing amendment gives Plaintiffs the opportunity to "plead their best case" before asking the Court to rule on the motions to dismiss.[31] The preferred course of action is granting leave and rendering moot the pending motion to dismiss rather than granting the motion to dismiss and rendering moot the motion for leave as this approach conserves both judicial and party

---

[28] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citations omitted); *see also Twombly*, 550 U.S. at 555 ("[The] obligation to provide the grounds of [ ] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations and internal quotation marks omitted)). When considering a Rule 12(b)(6) motion, the court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). Thus, it may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice. *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (same).
[29] *See City of Baton Rouge*, 2020 WL 13033205, at *3.
[30] *See, e.g.*, *Medarc, LLC v. Aetna Health Inc.*, No. 20-3646, 2022 WL 743520, at *2 (N.D. Tex. Mar. 11, 2022) (Ramirez, M.J.) (citing cases and recognizing the virtually "unvarying" practice of resolving futility in the context of Rule 12 rather than Rule 15).
[31] *See Landry v. Dep't of Child & Fam. Servs.*, No. 21-794, 2021 WL 2822344, at *2 (E.D. La. July 7, 2021) (Lemelle, J.) (citing *Phillips v. Whittington*, No. 17-01524, 2018 WL 11310301, at *1 (W.D. La. Feb. 13, 2018) ("[Granting leave to amend] will avoid the wasteful practice of waiting until after the court has gone to the trouble of ruling on motions to dismiss to ask to amend and cure shortcomings in a complaint.")).

resources and allows the decision on the motion to dismiss to be based on the facial validity of the claim.[32] Whether Plaintiffs' claims will survive Rule 12 motion is an issue currently pending before Judge Brown.

### III.  CONCLUSION

For the foregoing reasons, the Court finds it lacks a substantial reason to deny Plaintiffs' request for leave to amend.  This case is in its infancy, and Plaintiffs have not previously been granted leave to amend the complaint or to address the deficiencies raised in Defendants' motions to dismiss.  Further, there is no bad faith, repeated failure to cure or prejudice.  The futility issue, which is vigorously disputed, is currently before Judge Brown and is better addressed in the context of those substantive motions rather than this motion for leave.  Accordingly,

IT IS ORDERED that the Motion for Leave to File First Amended Complaint by Plaintiffs ExxonMobil Oil Corporation and Exxon Mobil Corporation (ECF No. 54) is GRANTED.

New Orleans, Louisiana, this \_\_\_4th\_\_\_ day of February, 2026.

*signature*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[32] *See Louisiana*, 2020 WL 3966875, at *2 (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *see also Biwen Liang v. Home Reno Concepts LLC*, No. 17-3503, 2018 WL 1401801, at *3 (E.D.N.Y. Mar. 19, 2018) ("It is a far better conservation of judicial and party resources to permit the amendment . . . and let any order on a motion to dismiss determine the facial validity of the RICO claim.").