UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EXXON MOBIL OIL CORPORATION, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 25-2001** |
| **MARS OIL PIPELINE COMPANY, LLC, ET AL.** | **SECTION: "G"(2)** |

## ORDER

Pending before the Court are four Motions to Dismiss for Failure to State a Claim filed by Defendants Amberjack Pipeline Company LLC, Mars Oil Pipeline Company, LLC, Shell Pipeline Company LP, Chevron U.S.A. Inc., Total Energies E&P USA, Inc., and LOCAP LLP.[1] Plaintiffs ExxonMobil Corporation and ExxonMobil Oil Corporation filed a Complaint on September 25, 2025.[2] After the motions to dismiss were filed, Plaintiffs filed an Amended Complaint.[3] Also pending before the Court is a Joint Request for an Extension of Time to Respond to the Amended Complaint.[4] The parties request that the deadline for responses to the Amended Complaint be continued from February 18, 2026 to February 25, 2026. They also request that any motions to dismiss be set for submission on April 1, 2026.

---

[1] Rec. Docs. 39, 40, 42, 43.

[2] Rec. Doc. 1.

[3] Rec. Doc. 65.

[4] Rec. Doc. 68.

1

Courts vary in how they proceed when a plaintiff files an amended complaint while a Rule 12(b)(6) motion is still pending.[5] Many district courts—including this Court—routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint.[6] Although courts may address the merits of a motion to dismiss even after an amended complaint is filed, as a general rule, "if applying the pending motion to the amended complaint would cause confusion or detract from the efficient resolution of the issues, then it makes sense to require the defendant to file a new motion specifically addressing the amended complaint."[7]

Considering that the parties anticipate filing new motions to dismiss tailored to the Amended Complaint, the Court concludes that applying the pending motion to the Amended Complaint would cause confusion and detract from the efficient resolution of the issues.

Accordingly,

**IT IS HEREBY ORDERED** that the pending Motions to Dismiss for Failure to State a Claim[8] are **MOOT**.

---

[5] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

[6] *See Athletic Training Innovations, LLC v. eTagz, inc.,* No. 12-2540, 2013 WL 360570, at *3 (E.D. La 2013) (Brown, J.); *see also, e.g.*, *Lee v. Ability Ins. Co.*, No. 12-17, 2012 WL 3186270, at *1 (S.D. Miss. 2012) ("The Court finds that it would be impractical and unwise to proceed further on the Motion to Dismiss since it challenges the original Complaint, which is no longer the operative pleading."); *Abb, Inc, v. Reed City Power Line Supply Co*., 2007 WL 2713731, at *1 (W.D. Mich. 2007) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot."); *Calloway v. Green Tree Servicing, LLC*, 559 F. Supp. 2d 543, 546 (D. Del. 2009) ("As the amended complaint has superseded the original, defendant's motion to dismiss has become moot."). *But see Illiano v. Mineola Union Free Sch. Dist.*, 585 F. Supp. 2d 341, 349 (E.D.N.Y. 2008) ("'When a plaintiff amends its complaint while a motion to dismiss is pending' the court may 'den[y] the motion as moot [or] consider[ ] the merits of the motion in light of the amended complaint.'") (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *Patton Elec. Co., Inc, v. Rampart Air, Inc.*, 777 F. Supp. 704, 713 (N.D. Ind. 1991) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.") (quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure*, § 1476 at 556–58 (2d ed. 1990)).

[7] 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 15*.

[8] Rec. Doc. 39, 40, 42, 43.

**IT IS FURTHER ORDERED** that the Joint Request for an Extension of Time to Respond to the Amended Complaint[9] is **GRANTED.** The deadline for Defendants to respond to the Amended Complaint is **CONTINUED** from February 18, 2026 to February 25, 2026. Any motions to dismiss will be set for submission on April 1, 2026.

**NEW ORLEANS, LOUISIANA**, this 19th day of February, 2026.

_____
**NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE**

---

[9] Rec. Doc. 68.