UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EXXONMOBIL OIL CORPORATION AND EXXON MOBIL CORPORATION | CIVIL ACTION NO. 25-cv-2001-NJB-DPC |
| VERSUS | JUDGE: NANNETTE JOLIVETTE BROWN |
| MARS OIL PIPELINE COMPANY LLC; CHEVRON U.S.A., INC.; TOTALENERGIES E&P USA, INC.; LOOP LLC; AMBERJACK PIPELINE COMPANY LLC; SHELL PIPELINE COMPANY LP; LOCAP LLC; TRANSOCEAN LTD.; SLB ONESUBSEA; AND JOHN WOOD GROUP PLC | MAGISTRATE JUDGE: DONNA PHILLIPS CURRAULT JURY TRIAL DEMANDED |

**LOOP LLC'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant LOOP LLC ("LOOP") responds to Plaintiffs' ExxonMobil Oil Corporation ("EMOC") and Exxon Mobil Corporation's ("EMC") (collectively "Exxon") First Amended Complaint, denying each and every allegation contained therein unless specifically admitted. LOOP further answers as follows:

1.

Paragraph 1 does not contain any factual allegations against LOOP but instead contains Exxon's "Nature of the Action." Thus, no response is required of LOOP. To the extent a response is required, LOOP denies the allegations in Paragraph 1 and denies that Exxon is entitled to the relief sought.

2.

The allegations in Paragraph 2 assert legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations contained for lack of knowledge or information sufficient to form a belief about the truth thereof.

3.

The allegations in Paragraph 3 assert legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to form a belief about the truth thereof.

4.

LOOP admits that defendant Mars Oil Pipeline Company LLC's ("Mars") production stream is a blend of crude oil and is transported into LOOP's storage facility in Clovelly, Louisiana. LOOP denies the remaining allegations in Paragraph 4 for lack of knowledge or information sufficient to justify a belief therein.

5.

LOOP denies the allegations in Paragraph 5 for lack of knowledge or information sufficient to justify a belief therein.

6.

LOOP admits that it receives crude oil from the Mars Pipeline system and the Amberjack Pipeline system ("Amberjack") (via the Mars Pipeline system) into LOOP's storage facility in Clovelly, Louisiana. LOOP denies the remaining allegations in Paragraph 6 for lack of knowledge or information sufficient to justify a belief therein.

7.

LOOP denies the allegations in Paragraph 7 for lack of knowledge or information sufficient to form a belief about the truth thereof.

8.

LOOP denies the allegations in Paragraph 8 for lack of knowledge or information sufficient to form a belief about the truth thereof.

9.

LOOP admits that it is a Delaware limited liability company with its principal place of business in Louisiana and that it operates the LOOP system and the LOCAP Pipeline System. LOOP denies the remaining allegations in Paragraph 9 for lack of knowledge or information sufficient to justify a belief therein.

10.

LOOP denies the allegations in Paragraph 10 for lack of knowledge or information sufficient to form a belief about the truth thereof.

11.

LOOP denies the allegations in Paragraph 11 for lack of knowledge or information sufficient to form a belief about the truth thereof.

12.

LOOP admits that the LOCAP Pipeline connects to LOOP's Clovelly storage facility. LOOP denies the remaining allegations in Paragraph 12 for lack of knowledge or information sufficient to form a belief about the truth thereof.

13.

LOOP denies the allegations in Paragraph 13 for lack of knowledge or information sufficient to form a belief about the truth thereof.

14.

LOOP denies the allegations in Paragraph 14 for lack of knowledge or information sufficient to form a belief about the truth thereof.

15.

LOOP denies the allegations in Paragraph 15 for lack of knowledge or information sufficient to form a belief about the truth thereof.

16.

LOOP denies the allegations in Paragraph 16 for lack of knowledge or information sufficient to form a belief about the truth thereof.

17.

LOOP denies the allegations in Paragraph 17 for lack of knowledge or information sufficient to form a belief about the truth thereof.

18.

LOOP denies the allegations in Paragraph 18 for lack of knowledge or information sufficient to form a belief about the truth thereof.

19.

LOOP denies the allegations in Paragraph 19 for lack of knowledge or information sufficient to form a belief about the truth thereof.

20.

LOOP denies the allegations in Paragraph 20 for lack of knowledge or information sufficient to form a belief about the truth thereof.

21.

LOOP denies the allegations in Paragraph 21 for lack of knowledge or information sufficient to form a belief about the truth thereof.

22.

LOOP denies the allegations in Paragraph 22 for lack of knowledge or information sufficient to form a belief about the truth thereof.

23.

LOOP denies the allegations in Paragraph 23 for lack of knowledge or information sufficient to form a belief about the truth thereof.

24.

LOOP denies the allegations in Paragraph 24 for lack of knowledge or information sufficient to justify a belief therein.

25.

LOOP admits that its Clovelly storage facility receives crude oil from the Mars Pipeline system but otherwise denies the allegations.

26.

LOOP denies the allegations in Paragraph 26 for lack of knowledge or information sufficient to justify a belief therein.

27.

LOOP admits that its Clovelly storage facility receives crude oil from the Mars Pipeline system but otherwise denies the allegations.

28.

LOOP admits that LOCAP LLC's LOCAP Pipeline connects LOOP's Clovelly storage facility and LOCAP's terminal in St. James, Louisiana. LOOP denies the remaining allegations in Paragraph 28 for lack of knowledge or information sufficient to justify a belief therein.

29.

LOOP denies the allegations in Paragraph 29 for lack of knowledge or information sufficient to justify a belief therein.

30.

The allegations in Paragraph 30 contain legal conclusions to which no response is required. To the extent a response is required, LOOP admits that it agreed to provide EMOC certain import, export, and storage services and refers to the Terminal Throughput and Deficiency Agreement ("TTD Agreement") attached to the Complaint (R. Doc. 1) as Exhibit 1 for its terms.  LOOP otherwise denies any remaining allegations.

31.

The allegations in Paragraph 31 contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations because the contract must be read in its entirety and refers to the TTD Agreement for its terms.

32.

LOOP denies the allegations in Paragraph 32 for lack of knowledge or information sufficient to justify a belief therein.

33.

LOOP denies the allegations in Paragraph 33 for lack of knowledge or information sufficient to justify a belief therein.

34.

LOOP denies the allegations in Paragraph 34 for lack of knowledge or information sufficient to justify a belief therein.

35.

LOOP denies the allegations in Paragraph 35 for lack of knowledge or information sufficient to justify a belief therein.

36.

LOOP denies the allegations in Paragraph 36 for lack of knowledge or information sufficient to justify a belief therein.

37.

LOOP denies the allegations in Paragraph 37 for lack of knowledge or information sufficient to justify a belief therein.

38.

LOOP denies the allegations in Paragraph 38 for lack of knowledge or information sufficient to justify a belief therein.

39.

LOOP denies the allegations in Paragraph 39 for lack of knowledge or information sufficient to justify a belief therein.

40.

LOOP denies the allegations in Paragraph 40 for lack of knowledge or information sufficient to justify a belief therein.

41.

LOOP denies the allegations in Paragraph 41 for lack of knowledge or information sufficient to justify a belief therein.

42.

LOOP denies the allegations in Paragraph 42 for lack of knowledge or information sufficient to justify a belief therein.

43.

LOOP denies the allegations in Paragraph 43 for lack of knowledge or information sufficient to justify a belief therein.

44.

LOOP denies the allegations in Paragraph 44 for lack of knowledge or information sufficient to justify a belief therein.

45.

LOOP denies the allegations in Paragraph 45 for lack of knowledge or information sufficient to justify a belief therein.

46.

LOOP denies the allegations in Paragraph 46 for lack of knowledge or information sufficient to justify a belief therein.

47.

LOOP denies the allegations in Paragraph 47 for lack of knowledge or information sufficient to justify a belief therein.

48.

LOOP denies the allegations in Paragraph 48 for lack of knowledge or information sufficient to justify a belief therein.

49.

LOOP denies the remaining allegations in Paragraph 49 for lack of knowledge or information sufficient to justify a belief therein.

50.

LOOP denies the allegations in Paragraph 50 for lack of knowledge or information sufficient to justify a belief therein.

51.

LOOP denies the allegations in Paragraph 51 for lack of knowledge or information sufficient to justify a belief therein.

52.

LOOP denies the allegations in Paragraph 52 for lack of knowledge or information sufficient to justify a belief therein.

53.

LOOP denies the allegations in Paragraph 53 for lack of knowledge or information sufficient to justify a belief therein.

54.

LOOP denies the allegations in Paragraph 54 for lack of knowledge or information sufficient to justify a belief therein.

55.

LOOP denies the allegations in Paragraph 55 for lack of knowledge or information sufficient to justify a belief therein.

56.

LOOP denies the allegations in Paragraph 56 for lack of knowledge or information sufficient to justify a belief therein.

57.

The allegations in Paragraph 57 are directed to multiple defendants, and LOOP denies the allegations as to other defendants for lack of knowledge or information sufficient to justify a belief therein. To the extent the allegations in Paragraph 57 are directed to LOOP, LOOP denies the allegations.

58.

LOOP denies the allegations in Paragraph 58.

59.

LOOP denies the allegations in Paragraph 59 for lack of knowledge or information sufficient to justify a belief therein.

60.

LOOP denies the allegations in Paragraph 60 for lack of knowledge or information sufficient to justify a belief therein.

61.

LOOP denies the allegations in Paragraph 61 for lack of knowledge or information sufficient to justify a belief therein.

62.

LOOP denies the allegations in Paragraph 62 for lack of knowledge and information sufficient to justify a belief therein.

63.

LOOP denies the allegations in Paragraph 63 for lack of knowledge or information sufficient to justify a belief therein.

64.

LOOP denies the allegations in Paragraph 64 for lack of knowledge or information sufficient to justify a belief therein.

65.

LOOP denies the allegations in Paragraph 65 for lack of knowledge or information sufficient to justify a belief therein.

66.

LOOP denies the allegations in Paragraph 66 for lack of knowledge or information sufficient to justify a belief therein.

67.

LOOP denies the allegations in Paragraph 67 for lack of knowledge or information sufficient to justify a belief therein.

68.

Paragraph 68 contains no factual allegations and instead incorporates by reference the prior paragraphs of the First Amended Complaint. LOOP reasserts and incorporates by reference its prior responses to the allegations in the First Amended Complaint.

69.

The allegations in Paragraph 69 are not directed to LOOP and, thus, LOOP denies the allegations in Paragraph 69 for lack of knowledge or information sufficient to justify a belief therein.

11

70.

Paragraph 70 contains a statement of law to which no response is required. To the extent a response is required, LOOP denies the allegations and refers to the applicable code article for its contents.

71.

Paragraph 71 contains a statement of law to which no response is required. To the extent a response is required, LOOP denies the allegations and refers to the applicable code article for its contents.

72.

Paragraph 72 contains a statement of law to which no response is required. To the extent a response is required, LOOP denies the allegations and refers to the applicable code article for its contents.

73.

Paragraph 73 contains a statement of law to which no response is required. To the extent a response is required, LOOP denies the allegations and refers to the applicable code article for its contents.

74.

LOOP denies the allegations in Paragraph 74 for lack of knowledge or information sufficient to justify a belief therein.

75.

LOOP denies the allegation in Paragraph 75 for lack of knowledge or information sufficient to justify a belief therein.

76.

The allegations in Paragraph 76 are not directed to LOOP and are legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

77.

The allegations in Paragraph 77 are not directed to LOOP and are legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

78.

The allegations in Paragraph 78 are not directed to LOOP and are legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

79.

The allegations in Paragraph 79 are not directed to LOOP and are legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

80.

The allegations in Paragraph 80 are not directed to LOOP and are legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

81.

Paragraph 81 contains no factual allegations and instead incorporates by reference the prior paragraphs of the First Amended Complaint. LOOP reasserts and incorporates by reference its prior responses to the allegations in the First Amended Complaint.

82.

The allegations in Paragraph 82 are legal conclusions to which no response is required. To the extent a response is required, and to the extent the allegations in Paragraph 82 are directed to LOOP, LOOP denies the allegations in Paragraph 82. LOOP denies the remainder of the allegations for lack of knowledge or information sufficient to justify a belief therein.

83.

Paragraph 83 contains a statement of law to which no response is required.  To the extent a response is required, LOOP denies the allegations and refers to the applicable statute for its contents.

84.

Paragraph 84 contains a statement of law to which no response is required.  To the extent a response is required, LOOP denies the allegations.

85.

Paragraph 85 contains a statement of law to which no response is required.  To the extent a response is required, LOOP denies the allegations.

86.

Paragraph 86 contains a statement of law to which no response is required.  To the extent a response is required, LOOP denies the allegations and refers to the applicable statute for its contents.

87.

Paragraph 87 contains a statement of law to which no response is required.  To the extent a response is required, LOOP denies the allegations and refers to the applicable statute for its contents.

88.

Paragraph 88 contains a statement of law to which no response is required.  To the extent a response is required, LOOP denies the allegations and refers to the applicable statute for its contents.

89.

Paragraph 89 contains a statement of law to which no response is required.  To the extent a response is required, LOOP denies the allegations and refers to the applicable statute for its contents.

90.

Paragraph 90 contains a statement of law to which no response is required.  To the extent a response is required, LOOP denies the allegations and refers to the applicable statute for its contents.

91.

The allegations in Paragraph 91 are not directed to LOOP and are legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

92.

The allegations in Paragraph 92 contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations.

93.

The allegations in Paragraph 93 contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations.

94.

The allegations in Paragraph 94 contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations.

95.

The allegations in Paragraph 95 contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations.

96.

The allegations in Paragraph 96 contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations.

97.

The allegations in Paragraph 97 contain legal conclusions to which no response is required. To the extent a response is required, and to the extent the allegations in Paragraph 97 are directed to LOOP, LOOP denies the allegations.

98.

The allegations in Paragraph 98 are not directed to LOOP and are legal conclusions to which no response is required.  To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

16

99.

Paragraph 99 contains no factual allegations and instead incorporates by reference the prior paragraphs of the First Amended Complaint. LOOP reasserts and incorporates by reference its prior responses to the allegations in the First Amended Complaint.

100.

The allegations in Paragraph 100 are not directed to LOOP and are legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

101.

Paragraph 101 contains a statement of law to which no response is required. To the extent a response is required, LOOP denies the allegations and refers to the cited Louisiana Supreme Court decision for its complete contents.

102.

Paragraph 102 contains a statement of law to which no response is required. To the extent a response is required, LOOP denies the allegations and refers to the applicable code article for its contents.

103.

Paragraph 103 contains a statement of law to which no response is required. To the extent a response is required, LOOP denies the allegations and refers to the applicable legal standards for their terms.

104.

LOOP denies the allegation in Paragraph 104 for lack of knowledge or information sufficient to justify a belief therein.

105.

The allegations in Paragraph 105 are not directed to LOOP and contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

106.

The allegations in Paragraph 106 are not directed to LOOP and contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

107.

The allegations in Paragraph 107 are not directed to LOOP and contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

108.

The allegations in Paragraph 108 are not directed to LOOP and contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

109.

The allegations in Paragraph 109 are not directed to LOOP and contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

110.

The allegations in Paragraph 110 are not directed to LOOP and contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

111.

The allegations in Paragraph 111 contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

112.

The allegations in Paragraph 112 contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

113.

The allegations in Paragraph 113 contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

114.

LOOP denies the allegations in Paragraph 114 for lack of knowledge or information sufficient to justify a belief therein.

115.

LOOP denies the allegations in Paragraph 115 for lack of knowledge or information sufficient to justify a belief therein.

116.

The allegations in Paragraph 116 are not directed to LOOP and contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

117.

The allegations in Paragraph 117 are not directed to LOOP and contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

118.

The allegations in Paragraph 118 are not directed to LOOP and contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

119.

The allegations in Paragraph 119 are not directed to LOOP and contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

120.

The allegations in Paragraph 120 are not directed to LOOP and contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

121.

The allegations in Paragraph 121 are not directed to LOOP and contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

122.

Paragraph 122 contains no factual allegations and instead incorporates by reference the prior paragraphs of the First Amended Complaint. LOOP reasserts and incorporates by reference its prior responses to the allegations in the First Amended Complaint.

123.

The allegations in Paragraph 123 contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations.

124.

The allegations in Paragraph 124 contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

125.

The allegations in Paragraph 125 contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

126.

The allegations in Paragraph 126 contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

127.

The allegations in Paragraph 127 contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

128.

The allegations in Paragraph 128 contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations.

129.

LOOP denies the allegations in Paragraph 129 for lack of knowledge or information sufficient to justify a belief therein.

130.

LOOP denies the allegations in Paragraph 130 for lack of knowledge or information sufficient to justify a belief therein.

131.

The allegations in Paragraph 131 contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations in Paragraph 131.

132.

The allegations in Paragraph 132 contain legal conclusions to which no response is required.  To the extent a response is required, LOOP denies the allegations directed against it and denies the remaining allegations for lack of knowledge or information sufficient to justify a belief therein.

133.

The allegations in Paragraph 133 contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations directed against it and denies the remaining allegations for lack of knowledge or information sufficient to justify a belief therein.

134.

The allegations in Paragraph 134 contain legal conclusions to which no response is required.  To the extent a response is required, LOOP denies the allegations directed against it and denies the remaining allegations for lack of knowledge or information sufficient to justify a belief therein.

135.

The allegations in Paragraph 135 contain legal conclusions to which no response is required.  To the extent a response is required, LOOP denies the allegations directed against it and denies the remaining allegations for lack of knowledge or information sufficient to justify a belief therein.

136.

The allegations in Paragraph 136 contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations directed against it and denies the remaining allegations for lack of knowledge or information sufficient to justify a belief therein.

137.

Paragraph 137 contains no factual allegations and instead incorporates by reference the prior paragraphs of the First Amended Complaint. LOOP reasserts and incorporates by reference its prior responses to the allegations in the First Amended Complaint.

138.

The allegations in Paragraph 138 are not directed to LOOP and contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

139.

The allegations in Paragraph 139 are not directed to LOOP and contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

140.

The allegations in Paragraph 140 are not directed to LOOP and contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

141.

The allegations in Paragraph 141 are not directed to LOOP and contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

142.

The allegations in Paragraph 142 are not directed to LOOP and contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

143.

The allegations in Paragraph 143 are not directed to LOOP and contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

144.

The allegations in Paragraph 144 are not directed to LOOP and contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

145.

LOOP denies the allegations in Paragraph 145 for lack of knowledge or information sufficient to justify a belief therein.

146.

The allegations in Paragraph 146 are not directed to LOOP and contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

147.

The allegations in Paragraph 147 are not directed to LOOP, identify persons or entities who are not parties to this litigation, and contain legal conclusions to which no response is required. To

the extent a response is required, LOOP denies the allegations for lack of knowledge or information sufficient to justify a belief therein.

148.

Paragraph 148 contains no factual allegations and instead incorporates by reference the prior paragraphs of the First Amended Complaint. LOOP reasserts and incorporates by reference its prior responses to the allegations in the First Amended Complaint.

149.

LOOP admits that it agreed to provide EMOC certain import, export, and storage services certain services under the TTD Agreement but otherwise denies the allegations and refers to the TTD Agreement for its complete terms.

150.

LOOP admits that the allegations in Paragraph 150 quote a portion of the TTD Agreement but otherwise denies the allegations and refers to the TTD Agreement for its complete terms.

151.

LOOP admits that allegations in Paragraph 151 refer to a portion of the TTD Agreement but otherwise denies the allegations and refers to the TTD Agreement for its complete terms.

152.

The allegations in Paragraph 152 contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations.

153.

LOOP denies the allegations in Paragraph 153.

154.

LOOP denies the allegations in Paragraph 154.

155.

The allegations in Paragraph 155 contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations.

156.

LOOP denies the allegations in Paragraph 156.

157.

The allegations in Paragraph 157 contain legal conclusions to which no response is required. To the extent a response is required, LOOP denies the allegations in Paragraph 157. Exxon is not entitled to the relief sought.

158.

Paragraph 158 contains no factual allegations. LOOP reasserts and incorporates by reference its prior responses to the allegations in the Complaint.

159.

Paragraph 159 does not contain factual allegations and instead contains Exxon's statement that, by pleading in the alternative, Exxon does not seek double damages. Thus, no response is required of LOOP. LOOP, however, denies that Exxon is entitled to damages.

160.

Paragraph 160 does not contain factual allegations and instead contains Exxon's reservation of rights regarding damages and other available remedies. Thus, no response is required of LOOP. LOOP, however, denies that Exxon is entitled to any damages or remedies.

161.

Paragraph 161 does not contain factual allegations and instead contains Exxon's jury demand. Thus, no response is required of LOOP.

27

LOOP denies that Exxon is entitled to the relief requested in Exxon's "Prayer for Relief" following Paragraph 161, including in Paragraphs (i)–(vi), or to any relief whatsoever from LOOP.

<u>**AFFIRMATIVE DEFENSES**</u>

LOOP asserts the following affirmative defenses to each and every allegation contained in the First Amended Complaint:

**FIRST AFFIRMATIVE DEFENSE**

The incidents and damages at issue, if any, were caused, wholly or in part, by Exxon's own fault.

**SECOND AFFIRMATIVE DEFENSE**

The incidents and damages at issue, if any, were not caused, wholly or in part, by the fault, act, or omission of LOOP, nor on the part of anyone for whom LOOP can be held liable or responsible.

**THIRD AFFIRMATIVE DEFENSE**

Exxon failed to take reasonable steps to mitigate its alleged damages.

**FOURTH AFFIRMATIVE DEFENSE**

Exxon's alleged damages are attributable, wholly or in part, to preexisting events or conditions specific to Exxon that were neither caused nor exacerbated by the alleged incidents.

**FIFTH AFFIRMATIVE DEFENSE**

Exxon's alleged damages resulted solely and proximately from independent intervening causes for which LOOP is not responsible.

**SIXTH AFFIRMATIVE DEFENSE**

Pleading in the alternative, and only in the event this Court should find liability on the part of LOOP, which is specifically denied, LOOP asserts its right to indemnity, or alternatively, to

contribution, and affirmatively pleads set-off, compromise, and release, and asserts its entitlement to reduction and credit to the full extent of each and every party responsible therefore, whether named as a defendant herein, or not, and every party released by Exxon herein, commensurate with the applicable law of comparative fault, indemnity, and/or contribution.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent that Exxon can prove that it sustained any damages, those damages were caused by other incidents, and/or the acts of others, and/or acts or omissions of persons or entities over whom LOOP had no control or responsibility, and all of which are intervening and superseding causes of the alleged injuries.

### EIGHTH AFFIRMATIVE DEFENSE

Exxon's alleged claims are barred by prescription, peremption, and/or other applicable statutes of limitation.

### NINTH AFFIRMATIVE DEFENSE

Exxon's alleged damages were not foreseeable at the time of the conduct alleged.

### TENTH AFFIRMATIVE DEFENSE

LOOP asserts all allowable defenses under the Louisiana Products Liability Act ("LPLA"), La. R.S. § 9:2800.51, *et seq.*

### ELEVENTH AFFIRMATIVE DEFENSE

LOOP is not a "manufacturer" or "seller" as those terms are defined in the LPLA, La. R.S. § 9:2800.53(1), (2).

### TWELFTH AFFIRMATIVE DEFENSE

Exxon's claims against LOOP under the LPLA are barred because the crude oil at issue possessed no characteristics that rendered it unreasonably dangerous in a reasonably anticipated use as defined by La. R.S. § 9:2800.54.

## THIRTEENTH AFFIRMATIVE DEFENSE

Exxon's claims against LOOP under the LPLA are barred because the crude oil at issue was not unreasonably dangerous in construction or composition as defined by La. R.S. § 9:2800.55.

## FOURTEENTH AFFIRMATIVE DEFENSE

Should Exxon recover under any claims under the LPLA, a recovery of attorneys' fees for Exxon is barred under the provisions of that statute.

## FIFTEENTH AFFIRMATIVE DEFENSE

LOOP asserts all defenses provided under the TTD Agreement, including that agreement's notice provisions in paragraph 12 and consequential losses provisions in paragraphs 15.2 and 15.3.

## SIXTEENTH AFFIRMATIVE DEFENSE

LOOP pleads by reference as if copied herein *in extenso* any and all other affirmative defenses asserted by any other defendant and/or afforded it by any regulation or statute of the State of Louisiana, as well as the United States of America.

## SEVENTEENTH AFFIRMATIVE DEFENSE

LOOP reserves the right to supplement and amend these affirmative defenses should such become necessary as discovery progresses in this matter, upon reasonable notice to the Court and all parties.

## <u>REQUEST FOR JURY TRIAL</u>

LOOP is entitled to and hereby requests a trial by jury.

Dated:  February 25, 2026

Respectfully submitted,

*/s/ Craig Isenberg*
Judy Y. Barrasso, 2814
Craig Isenberg, T.A., 29603
Stephen R. Klaffky, 36211
Laura M. Blockman, 40705
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana  70112
Telephone:  504-589-9700
Facsimile:  504-589-9701
jbarrasso@barrassousdin.com
cisenberg@barrassousdin.com
sklaffky@barrassousdin.com
lblockman@barrassousdin.com

*Attorneys for LOOP LLC ("LOOP")*

{4009250v3}

31