UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EXXONMOBIL OIL CORPORATION    \*    CIVIL ACTION NO. 2:25-cv-2001
AND EXXON MOBIL CORPORATION    \*
   \*
VERSUS    \*    JUDGE: NANNETTE J. BROWN
   \*
MARS OIL PIPELINE COMPANY LLC;    \*
CHEVRON U.S.A, INC.;    \*    SECTION: G
TOTALENERGIES E&P USA, INC.;    \*
LOOP LLC; AMBERJACK PIPELINE    \*
COMPANY LLC; SHELL PIPELINE    \*    MAG. JUDGE: DONNA CURRAULT
COMPANY LP; LOCAP LLC;    \*
TRANSOCEAN LTD.; SLB    \*
ONESUBSEA; AND JOHN WOOD    \*    DIVISION: 2
BROUP PLC    \*
   \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*    \*

ONE SUBSEA LLC'S MEMORANDUM IN SUPPORT
OF MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant OneSubsea LLC moves for judgment on the pleadings on the claims asserted against it by ExxonMobil Oil Corporation and Exxon Mobil Corporation ("Exxon").

I.    INTRODUCTION

The Court should grant OneSubsea LLC's motion for judgment on the pleadings and dismiss with prejudice Exxon's negligence claim. Exxon fails to assert a legally cognizable duty OneSubsea owed to it and upon which it can base a negligence claim and cannot establish that any conduct by OneSubsea was the legal cause of its claimed damages. In addition to this memorandum, OneSubsea incorporates as though copied here *in extenso*, the legal arguments concerning Exxon's failure to state a negligence claim filed by TotalEnergies E&P USA, Inc.; Chevron, U.S.A. Inc.; Wood Group USA, Inc.; and Halliburton Energy Services, Inc., in the

memoranda supporting their respective motions to dismiss. For the reasons set forth in those pleadings and below, Exxon's claims are legally insufficient and should be dismissed.

## II.    BACKGROUND

OneSubsea incorporates by reference the background sections in the memoranda filed by TotalEnergies E&P USA, Inc.[1] and Chevron, U.S.A. Inc.[2] and provides the following about Exxon's allegations against OneSubsea.

Exxon asserts OneSubsea, HESI, and Wood Group USA, Inc. "were all contractors engaged in varying capacities" on the Anchor Project[3] and owed it amorphous duties of care.[4] Without delineation as to each Defendant's actions, Exxon claims OneSubsea, HESI, and Wood Group USA, Inc. breached their undefined duties in the following ways:

(1)    by allowing or causing . . . the introduction of zinc contaminated completion fluid . . . into the crude oil which was then introduced into the U.S. Gulf Coast pipeline network;

(2)    by failing to procure an isolation strategy for acids used in the completion process, allowing these acids to be introduced into the crude oil which was then introduced into the U.S. Gulf Coast pipeline network; and

(3)    by permitting or causing the introduction of zinc-based scavengers into the crude oil which was then introduced into the U.S. Gulf Coast pipeline network.[5]

---

[1]    Rec. Doc. 79-1 at p. 2–3.

[2]    Rec. Doc. 85-1 at p. 2–5.

[3]    Rec. Doc. 65 ¶ 139.

[4]    *Id.* ¶ 138.

[5]    Rec. Doc. 65 ¶¶ 141–43.

Exxon then surmises that contaminated oil mixed with its "otherwise non-contaminated crude oil" and was run through its Baton Rouge refinery, causing damage.[6]

### III.    LAW AND ARGUMENT

Preliminarily, OneSubsea notes that its similarly situated defendants, TotalEnergies E&P USA, Inc.; Chevron, U.S.A. Inc.; HESI; and Wood Group, have filed their own Rule 12 motions to dismiss with respect to the negligence claims against them.[7] To the extent applicable to OneSubsea, it incorporates their arguments as if restated here. To the extent the Court finds that any other defendant is entitled to relief on the grounds set forth in their motions, the same relief should apply to OneSubsea. In further support of its motion for judgment on the pleadings, OneSubsea offers the following brief argument.

### A.    Standard of Review

"The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)."[8] To survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] The inquiry involves two steps.[10] First, a court identifies the complaint's well-pleaded factual content, setting aside "any unsupported legal conclusions."[11] Second, a court

---

[6]    *Id*. ¶¶ 145-47.

[7]    *See* Rec. Doc. 79, memorandum in support of TotalEnergies motion to dismiss, p. 8; Rec. Doc. 85, memorandum in support of Chevron motion to dismiss, p. 14–18; Rec. Doc. 96, memorandum in support of Wood Group motion to dismiss, p. 6–9; Rec. Doc. 99, memorandum in support of HESI motion to dismiss, p. 4–9.

[8]    *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

[9]    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[10]    *Doe v. Robertson*, 751 F.3d 383, 390 (5th Cir. 2014).

[11]    *Id.*; *see also Iqbal*, 556 U.S. at 678–79.

asks whether the remaining allegations "are sufficient to nudge the [plaintiff's] claim across the 'plausibility' threshold."[12] In other words, a court asks whether it can reasonably infer "more than the mere possibility of misconduct" from the complaint's well-pleaded factual content.[13]

### B. Exxon fails to state a negligence claim against OneSubsea.

Exxon alleges OneSubsea "developed certain key subsea components of the Anchor Project"[14] and asserts only a single cause of action against it: negligence. To determine whether to impose liability under Article 2315, Louisiana courts conduct a duty-risk analysis.[15] The analysis requires Exxon plead and prove five separate elements: (1) OneSubsea had a duty to conform its conduct to a specific standard; (2) OneSubsea's conduct failed to conform to the appropriate standard; (3) OneSubsea's substandard conduct was a cause in fact of Exxon's injuries; (4) OneSubsea's substandard conduct was a legal cause of Exxon's injuries; and (5) actual damages.[16]

#### 1. Exxon fails to plead a duty owed by OneSubsea.

"The threshold issue in any negligence action is whether the defendant owed the plaintiff a duty,"[17] which is a question of law. To properly plead a claim for negligence, a plaintiff must identify a specific standard of care to which the defendant was required to conform his conduct.[18]

---

[12]   *Robertson*, 751 F.3d at 390 (quoting *Iqbal*, 556 U.S. at 678).

[13]   *Iqbal*, 556 U.S. at 679.

[14]   Rec. Doc. 65 ¶ 15.

[15]   *Lemann v. Essen Lane Daiquiris, Inc.*, 2005-1095 (La. 3/10/06), 923 So. 2d 627, 632–33 (citation omitted).

[16]   *Id*. at 633.

[17]   *Evans v. Abubaker, Inc.*, 2023-00955 (La. 5/10/24), 384 So. 3d 853, 858.

[18]   *Butler v. Denka Performance Elastomer, L.L.C.*, 16 F.4th 427, 444–45 (5th Cir. 2021) (affirming a Rule 12(b)(6) dismissal of an Article 2315 negligence claim due to the plaintiff's failure to assert a specific standard of care) (citing *Lemann*, 923 So. 2d at 633).

"[G]eneralized pronouncements" that a defendant violated a duty to take reasonable care, without reference to "statutory, jurisprudential, or any other source of law" imposing a specific standard of care on that defendant's conduct, are inadequate to allege a legally cognizable duty.[19] Thus, the Court must consider "whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty."[20]

Here, Exxon does not identify a specific duty OneSubsea owes it. Instead, Exxon concludes that OneSubsea, in tandem with three other Defendants, "had the duty to exercise reasonable care to ensure that the performance of [its] work did not cause damage to the other users of the common carrier network."[21] As a matter of law, such a gaunt, generalized allegation cannot survive OneSubsea's motion for judgment on the pleadings. Indeed, as Wood Group argued, Exxon deficiently pleaded its negligence claim by lumping defendants together and asserting identical allegations as to each without distinction because such pleading prevents the Court from discerning which defendant is allegedly responsible for which allegedly unlawful action and deprives each defendant of knowing what it did that is allegedly wrong.[22] Exxon's failure to cite a specific standard to which OneSubsea was required to conform is fatal to its negligence claim.

---

[19]    *Id.* (internal quotation marks omitted).

[20]    *Id.*; *see also Bd. of Comm'rs v. Tenn. Gas Pipeline Co.*, 850 F.3d 714, 727–28 (5th Cir. 2017) (affirming dismissal of an Article 2315 negligence claim because plaintiff failed to allege a legally cognizable duty under the statutes and regulations that govern Louisiana's waterways); and *Malta v. Herbert S. Hiller Corp.*, 2021-00209 (La. 10/10/21), 333 So. 3d 384, 395.

[21]    R. Doc. 65 ¶ 140.

[22]    *See* Rec. Doc.96-1 at p. 8 (citing *Tow v. Buhlman*, 2016 WL 1722246, at * 17 (E.D. La. Apr. 29, 2016) (other citations omitted)).

> **2.    Exxon cannot establish that OneSubsea's conduct is the legal cause of its alleged injury.**

Any action or inaction by OneSubsea cannot be the legal cause of Exxon's downstream attenuated harm. As briefed by HESI in its supporting memorandum,[23] to establish legal cause, a plaintiff must show that the "enunciated rule or principle of law extends to or is intended to protect *this plaintiff* from *this type of harm* arising in *this manner*."[24] This inquiry is informed by policy determinations, including "whether the imposition of a duty would result in an unmanageable flow of litigation; ease of association between the plaintiff's harm and a defendant's conduct; economic, social and moral implications on similarly situated parties; the nature of defendant's activity; likelihood and gravity of the harm that may result from breach of the duty; the burden of prevention; and the direction in which society and its institutions are evolving."[25]

Here, Exxon alleges that, due to some unspecified negligent action or inaction, OneSubsea allowed for the introduction of zinc into the Gulf Coast pipeline network and that, after changing hands numerous time and mingling with other hydrocarbons, this contamination made its way to the Exxon refinery in Baton Rouge, causing damage.[26] This damage is too attenuated to support a negligence claim, and the claims against OneSubsea should be dismissed.

---

[23]    Rec. Doc. 99-1, p. 6–9.

[24]    *Bd. of Comm'rs of Se. Louisiana Flood Prot. Auth.-E. v. Tennessee Gas Pipeline Co., LLC*, 88 F. Supp. 3d 615, 631 (E.D. La. 2015).

[25]    *Ennes v. Cottrell*, Inc., 68 F. Supp. 2d 747, 751 (W.D. La. 1999) (citing *Pitre v. Opelousas Gen. Hosp.*, 530 So.2d 1151 (La. 1988)).

[26]    Rec. Doc. 65, amended complaint, ¶¶ 137–147.

## IV.    CONCLUSION

Exxon's failure to point to a recognized duty that OneSubsea owed or breached, as well as its failure to plead facts showing OneSubsea's action or inaction is the legal cause of its complained-of damages, renders its negligence claim legally insufficient. For the reasons stated above, as well as those advanced by TotalEnergies, Chevron, Wood Group and HESI, and incorporated herein, the Court is due to dismiss Exxon's negligence claim against OneSubsea, with prejudice.

Respectfully submitted this 14th day of April, 2026.

/s/ Angelina Christina
Thomas M. Flanagan (#19569)
Harold J. Flanagan (#24091)
Angelina Christina (#28530)
Camille E. Gauthier (#34558)
James H. Gilbert (#36468)
Alixe L. Duplechain (#39167)
FLANAGAN PARTNERS LLP
201 St. Charles Ave., Suite 3300
New Orleans, LA 70170
Telephone: (504) 569-0235
Facsimile: (504) 592-0251
tflanagan@flanaganpartners.com
hflanagan@flanaganpartners.com
achristina@flanaganpartners.com
jgilbert@flanaganpartners.com
aduplechain@flanaganpartners.com

*Attorneys for One Subsea LLC*