THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EXXONMOBIL OIL CORPORATION and
EXXON MOBIL CORPORATION,

*Plaintiffs*,

v.

MARS OIL PIPELINE COMPANY, LLC, *et al.*,

*Defendants*.

Civil Action No.: 2:25-cv-02001

Judge Nannette Jolivette Brown

Magistrate Donna Phillips Currault

### UNOPPOSED MOTION TO STAY MARS OIL PIPELINE COMPANY, LLC, AMBERJACK PIPELINE COMPANY LLC, AND SHELL PIPELINE COMPANY LP'S CROSSCLAIMS

Cross-Defendants Chevron U.S.A. Inc. and TotalEnergies E&P USA, Inc. ("Cross-Defendants") file this Unopposed Motion to Stay Cross-Plaintiffs, Mars Oil, Pipeline Company, LLC; Amberjack Pipeline Company LLC; and Shell Pipeline Company LP's ("Cross-Plaintiffs") Crossclaims (the "Crossclaims"). There is good cause to grant the motion, as set forth below.

**A.     Procedural History**

ExxonMobil Oil Corporation and Exxon Mobil Corporation ("Plaintiffs") sued Cross-Plaintiffs, Cross-Defendants, and other parties, alleging damage arising out of certain crude oil. On June 5, 2026, Cross-Plaintiffs filed the Crossclaims against Cross-Defendants, seeking contractual defense and indemnity for the claims asserted against them by Plaintiffs in the underlying suit. (R. Doc. 126).  Cross-Defendants' answer to the Crossclaims is due on July 10, 2026. (R. Docs 133 and 135).

**B.     Legal Standard**

"Federal district courts have general discretionary power to stay proceedings in the interest of justice and in control of their dockets." *3501 N. Causeway Associates, LLC v. Certain*

*Underwriters at Lloyd's, London*, 348 F.R.D. 298, 304 (E.D. La. 2025) (quoting *Wedgeworth v. Fibreboard Corp.*, 706 F. 2d 541, 545 (5th Cir. 1983)).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Barrosse v. Nat'l R.R. Passenger Corp.*, CV 20-3147, 2022 WL 1166159, at *1 (E.D. La. Apr. 20, 2022) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

## C.    Request for Stay

The Crossclaims seek contractual defense and indemnity from Cross-Defendants.  Because the parties agree that it is inefficient to determine any contractual right of defense and indemnity at this stage, the Cross-Defendants request that the Court stay all proceedings on the Crossclaims until the underlying claims in this lawsuit are resolved.  Moreover, at least part of the Crossclaims (the claims by Amberjack Pipeline Company LLC) are subject to a mandatory contractual arbitration provision and other parts of the Crossclaims may be subject to arbitration as well, and Cross-Plaintiffs and Cross-Defendants are amenable to postponing any dispute over these issues until that time.

A stay would also conserve substantial judicial resources by sparing the Court from adjudicating issues that may never need to be decided. Pretermitting Cross-Plaintiffs' claims for reimbursement of defense costs, Cross-Plaintiffs' right to indemnity is contingent on being held liable to Plaintiffs on the underlying claims. Absent a stay, the Court would have to oversee the Crossclaims in parallel with the underlying claims, including briefing on Cross-Defendants' responsive pleadings and, likely, a motion by Cross-Defendants to compel arbitration of the Crossclaims. If the stay is granted and Cross-Plaintiffs are ultimately determined not to be liable on the underlying claims, the indemnity obligations on which the Crossclaims depend will never

be triggered and the sole issue remaining should be the Cross-Plaintiffs' claim to reimbursement of defense costs. If the stay is granted no motion to compel arbitration will be necessary and the Crossclaims would likely be dismissed voluntarily—which will spare the Court from resolving any difficult questions. Even if liability is established, resolution of the underlying claims will help determine the scope of any indemnifiable loss and likely narrow the Crossclaims to a limited, largely quantifiable dispute. Finally, the requested stay is narrow: it is directed solely at the Crossclaims between Cross-Plaintiffs and Cross-Defendants and would not affect the proceedings as to any other party or Plaintiffs' prosecution of the underlying claims.

In seeking this stay, Cross-Defendants expressly reserve all rights to seek arbitration on all Crossclaims that are subject to the contractual arbitration provision found in the Anchor Dedication and Transportation Agreement.   Moreover, Cross-Plaintiffs agree not to claim that Cross-Defendants waived any right to arbitrate based on this request for stay and it is understood and agreed that Cross-Plaintiffs reserve all rights in connection with the issues raised in the Crossclaims.  This request for stay is not meant to delay justice but to allow for the efficient use of this Court's and the Parties' time and resources. The Cross-Plaintiffs and Cross-Defendants will meet and confer after final judgment has been issued on all claims asserted by Plaintiffs against Cross-Plaintiffs and Cross-Defendants and will provide a proposed schedule for addressing the Crossclaims within 30 days.

**D.    Conclusion**

For the foregoing reasons, Cross-Defendants respectfully ask the Court to grant a stay of the proceedings on the Crossclaims until the conclusion of the underlying litigation on Plaintiffs' claims, or until such earlier time that any of the Cross-Plaintiffs or Cross-Defendants move to lift the stay.

Respectfully submitted,

JORDAN, LYNCH & CANCIENNE PLLC

By: */s/ Michael Cancienne*
    Michael Cancienne
    Bar No. 31085
    Walter Lynch
    Bar No. 37780
    Sydney C. Rupe
    Bar No. 41110
    Skylar R. Holland *(pro hac vice forthcoming)*
    Jordan, Lynch & Cancienne PLLC
    1980 Post Oak Blvd., Suite 2300
    Houston, Texas 77056
    Telephone: 713.955.4019
    Facsimile: 713.955.9644
    mcancienne@jlcfirm.com
    wlynch@jlcfirm.com
    srupe@jlcfirm.com
    sholland@jlcfirm.com

ATTORNEYS FOR DEFENDANT CHEVRON
U.S.A. INC.


    /s/ *Robert E. Dunn*
    Robert E. Dunn *(pro hac vice)*
    EIMER STAHL LLP
    1999 S. Bascom Ave. Suite 1025
    Campbell, CA 95008
    Phone: 408.889.1690
    RDunn@eimerstahl.com

    Johnathan Hall *(pro hac vice)*
    EIMER STAHL LLP
    224 S. Michigan Ave. Suite 1100
    Chicago, IL 60604
    Phone: 312.660.7600
    JHall@eimerstahl.com

    Rachel W. Wisdom
    La. Bar No. 21167
    STONE PIGMAN WALTHER
    WITTMANN L.L.C.
    909 Poydras Street, Suite 3150
    New Orleans, Louisiana 70112-4041

4

Ph: 504-581-3200
Fax: 504.596.0911
rwisdom@stonepigman.com

COUNSEL FOR DEFENDANT
TOTALENERGIES E&P USA, INC.

## CERTIFICATE OF SERVICE

This certifies that a copy of the above and foregoing was served on all counsel of record by means of electronic service through the Court's CM/ECF system on July 6, 2026.

*/s/ Michael Cancienne*
Michael Cancienne

## CERTIFICATE OF CONFERENCE

This certifies that counsel for Cross-Defendants conferred with Cross-Plaintiffs regarding this motion. Cross-Plaintiffs indicated that they were unopposed to the motion on July 6, 2026.

*/s/ Michael Cancienne*
Michael Cancienne

5